UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

SUSAN S. RODWAY,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 1:18-cv-169

OPINION & ORDER
[Resolving Doc. 1]

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 23, 2018, Plaintiff Susan Rodway filed a complaint seeking judicial review of Defendant Social Security Commissioner's decision to deny her period of disability and disability insurance benefits applications.[1] On January 24, 2019, Magistrate Judge David A. Ruiz recommended that the Court vacate the Commissioner's final decision and remand the case for further proceedings.[2]

Any objections to Magistrate Judge Ruiz's Report and Recommendation ("R&R") were due by February 7, 2019. Defendant Commissioner stated she will not file objections.[3]

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of an R&R to which the parties have objected.[4] Absent objection, a

---

[1] Doc. 1. Plaintiff and Defendant file merits briefs. Docs. 13, 15. Plaintiff replies to Defendant's brief. Doc. 16.
[2] Doc. 17.
[3] Doc. 18.
[4] 28 U.S.C. § 636(b)(1).

Case No. 1:18-cv-169
Gwin, J.

district court may adopt the R&R without review.[5]  Because no party has objected to the R&R, this Court may adopt the R&R without further review.  Moreover, having conducted its own review of the record, the Court agrees with the conclusions in the R&R.

Accordingly, the Court **ADOPTS** Magistrate Judge Ruiz's R&R, incorporating it fully herein by reference, **VACATES** the Commissioner's final decision, and **REMANDS** the case for proceedings consistent with the opinion.

IT IS SO ORDERED.


Dated:  February 11, 2019            *s/     James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[5] *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).  Failure to timely object may waive a party's right to appeal the district court's order adopting the R&R. *Id.* at 155; *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).